IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Christopher Paul Mahaffey, | ) | Case No.: 8:20-cv-01880-JD |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Jacquelyn D. Austin ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Petitioner brought this *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (DE 1.) On August 20, 2020, Respondent filed a Motion for Summary Judgment. (DE 17.) Because Petitioner is proceeding *pro se*, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion for Summary Judgment could result in the Motion being granted and this case being dismissed. (DE 18.) Petitioner filed his Response in Opposition on December 9, 2020. (DE 37.) On December 16, 2020, Respondent filed a Reply to the Response. (DE 39.)

On December 29, 2020, the magistrate judge issued a Report and Recommendation, recommending that Respondent's Motion for Summary Judgment be granted and that the Petition

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

for Writ of Habeas Corpus be dismissed. (DE 40.) For the reasons stated below, the Court adopts the Report and Recommendation and grants Respondent's Motion for Summary Judgment.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On May 15, 2020, Petitioner, a state prisoner, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, on the following grounds, quoted substantially verbatim, from his Petition[2]:

> **GROUND ONE:** The South Carolina Court of Appeals erred in failing to find the trial court erred in denying Petitioner's motion to sever the drugs charges from the burglary and petit larceny charges.
>
> **GROUND TWO:** The South Carolina Court of Appeals erred in failing to find the trial court erred in refusing to charge the lesser included offense of burglary in the second degree.
>
> **GROUND THREE:** The South Carolina courts erred in failing to find trial counsel rendered constitutionally ineffective assistance of counsel when counsel failed to object to the State's request for a hand of one hand of all jury instruction that was not applicable under the facts of the case.

(DE 1.) Respondent filed a Motion for Summary Judgment on August 20, 2020. (DE 17.) Petitioner filed his Response in Opposition to Respondent's Motion for Summary Judgment on December 9, 2020. (DE 37.) Respondent filed a Reply on December 16, 2020. (DE 39.)

The December 29, 2020, Report and Recommendation recommends that Defendant's Motion for Summary Judgment be granted and that the Petition for Writ of Habeas Corpus be dismissed. Petitioner filed objections to the Report and Recommendation raising six objections.[3]

---

[2] The Report and Recommendation details the procedural procedure of Petitioner's underlying case and the procedural posture thereof, and the Court adopts the recitation herein by reference. (DE 40.)

[3] Petitioner states in his Objections to the Report and Recommendation that "Petitioner will concede that Grounds One and Two present questions of state law and therefore, Petitioner will only argue Ground Three." (D.E. 45.) Therefore, this Court will only address Ground Three of the Petition, which the Petitioner raises six objections.

(DE 45.)  Respondent filed a Reply on February 22, 2021.  (DE 47.)  This matter is now ripe for review.

## II.     DISCUSSION

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that many of Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. Specifically, Petitioner's first two objections merely disagree with the jury's fact finding in the underlying state court trial without making a claim of a deprivation of a constitutional right.  "[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts," Wilson v. Corcoran, 562 U.S. 1, 5 (2010), and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). See also Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").  Petitioner's fourth objection regarding ineffective

3

assistance of counsel was properly addressed in the Report and Recommendation. This Court agrees with the Report and Recommendation and finds that the objection merely restates Petitioner's argument. Petitioner's third, fifth, and sixth objections are nonspecific and need not be addressed here.

Consequently, the Court grants Respondent's Motion for Summary Judgment and adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment is granted, and Petitioner's Petition for a Writ for Habeas Corpus is dismissed; further, it is **ORDERED** that a certificate of appealability is denied because Defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

March 8, 2021
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4